Smith, Respondent, vs. Smith, Appellant.

*May 4—June 7, 1949.*

*Merle W. Hillis* of Milwaukee, for the appellant.

For the respondent there was a brief by *Edward C. Plantz* and *John J. Devos,* both of Milwaukee, and oral argument by *Mr. Devos.*

HUGHES, J.   The appellant contends that this case is controlled by the decision in *Brill v . Salzwedel* (1940), 235 Wis.

551, 292 N. W. 908. There the plaintiff sought an accounting from the defendant under a partnership contract whereby it was agreed that the defendant would operate a tavern in his name, both parties making the necessary original investment. The court said (p. 558) :

"A partnership may be granted a license to operate a tavern and sell intoxicating liquors provided the names of the partners are disclosed in both the application for and in the license granted. But it may not, as in the instant case, obtain a license in the name of one of the members of the partnership.
". . . The action was one in equity; both parties were asserting rights founded upon an illegal and void contract. In such a case, it is a well-settled rule that a court of equity leaves the parties to such a situation just where they placed themselves and as the court found them. Its doors are closed to any applicant for relief from or under such a contract. *Netherton v. Frank Holton & Co.* 191 Wis. 483, 489, 210 N. W. 379."

Respondent relies upon the case of *Estate of Fox* (1922), 178 Wis. 369, 190 N. W. 90. In that case the parties entered into a civil contract of marriage when the man had only a judgment of divorce from bed and board from a former wife. The court found that the decedent Fox fraudulently represented that he had a right to enter into the marriage relationship, which representations were believed and relied upon by the plaintiff. Under those circumstances the court held that the plaintiff could recover against Fox's estate upon an implied promise to compensate her for the services rendered during the period of the relationship. The court stressed the importance of the fact that the claimant acted innocently and under such circumstances would not be barred from recovery. However, it was there said (p. 371) :

"Courts are practically unanimous in holding that when a woman voluntarily and knowingly lives in illicit relations with a man she cannot recover on an implied contract for services rendered him during the period of such relationship. 29 L. R. A. (N. S.) 787."

Respondent cites many authorities from other jurisdictions, some of which appear to relax the rule in favor of a woman who has entered into an illegal contract of marriage. The law is stated in 35 Am. Jur., Marriage, p. 216, sec. 53, to be:

"It is a general rule that when a woman in good faith enters into a marriage with a man who is incapable of contracting marriage because of some impediment, or when both of the parties enter into a void marriage in good faith, the woman is entitled to a division of the property accumulated by the joint efforts of the parties during their relationship. . . . Mistake of law as well as mistake of fact has been held to be consistent with good faith within this rule. In several cases even where the marriage was not entered into in good faith, the right of the woman to a share in the property accumulated during that period has been upheld."

The respondent also cites 55 C. J. S., Marriage, p. 875, sec. 35:

"A marriage which is absolutely void does not give rise to property rights; the mere fact of cohabitation does not give rise to any property rights by one in the property acquired by the other during the relationship. However, the fact of a meretricious relationship does not bar claims to the property acquired during the period of such relationship, where the claim is based on general principles of law without respect to a marital status; the fact that the parties have engaged in an illicit relationship does not bar either party from asserting against the other such property claims as would be otherwise enforceable. Where the facts warrant it, the court may determine the rights of the parties to the property acquired during their relationship as though they were partners or were engaged in a joint enterprise. Thus, where a man and woman cohabit under an agreement to pool their earnings and share in their accumulations, the law will recognize and enforce their agreement. Where property is acquired through the joint contributions or efforts of the parties with the intention that both should share in its benefits, it has been held that, even in the absence of an agreement, the law will apportion their interests in the property in accordance with their respective contributions and efforts."

We are of the opinion, however, that the more sound rule and the weight of authorities are against respondent's contention. The only difference between the instant case and the law of Wisconsin as established by *Brill v. Salzwedel, supra, Netherton v. Frank Holton & Co.* (1927), 191 Wis. 483, 210 N. W. 379, and cases there cited, is that the plaintiff here involved is a woman. It does not appear that chivalry toward a woman who is a party to an illegal contract requires modification of the law in her favor. It is apparent from the allegations of the complaint that there was no partnership or other joint venture antedating the marriage relationship, or any other legal basis giving rise to the claims which the plaintiff advances. It is clear that whatever rights she seeks to enforce in this action arise solely by reason of the illegal relationship. Since she was aware of all the facts which make the contract illegal, she cannot be excused for lack of knowledge of the law. The action being one for equitable division of the property of the parties and being based upon an illegal contract of marriage, the demurrer should have been sustained.

*By the Court.*—Order reversed with instructions to sustain the demurrer to the amended complaint.

FRITZ, J., dissents.